**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

SHARON FORRESTER,                                                     Plaintiff

v.                                    3:12CV00268 JTK

CAROLYN W. COLVIN,
Acting Commissioner, Social
Security Administration,[1]                                           Defendant

<u>**MEMORANDUM AND ORDER**</u>

Plaintiff, Sharon Forrester, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits.  Both parties have submitted appeal briefs and the case is ready for decision.[2]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  <u>Slusser v. Astrue</u>, 557 F.3d 923, 925 (8th Cir. 2009); <u>Long v. Chater</u>, 108 F.3d 185, 187 (8th Cir. 1997); <u>see</u> <u>also</u> 42 U.S.C. §§ 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Reynolds v. Chater</u>, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court

_____

[1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.  She is therefore substituted for Michael J. Astrue pursuant to Fed.R.Civ.P. 25(d).

[2]The parties have consented to the jurisdiction of the Magistrate Judge.  (Docket #4)

must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that she was limited in her ability to work by back problems, anxiety and depression. (Tr. 155) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge[3] (ALJ) concluded that Plaintiff had not been under a disability

---

[3]The Hon. David J. Manley.

2

within the meaning of the Social Security Act at any time from June
1, 2006, her alleged onset date, through March 31, 2011, her date
last insured.[4]  (Tr. 18)  On October 16, 2012, the Appeals Council
denied Plaintiff's request for a review of the ALJ's decision,
making the ALJ's decision the final decision of the Commissioner.
(Tr. 1-3)  Plaintiff then filed her complaint initiating this
appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds
that the decision of the Commissioner is supported by substantial
evidence.

Plaintiff was 45 years old at the time of the hearing.  (Tr.
28)  She is a high school graduate with one year of college.  (Tr.
28, 160)  She has past relevant work as a secretary or office
helper, bank teller, teacher's aide and sales clerk.  (Tr. 18, 47-
48, 156-57)

The ALJ considered Plaintiff's impairments by way of the
required five-step sequential evaluation process.  The first step
involves a determination of whether the claimant is involved in
substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i)
(2010).  If the claimant is, benefits are denied, regardless of
medical condition, age, education or work experience.  Id.
§ 404.1520(b).

---

[4]Plaintiff was last insured for the purposes of Title II March
31, 2011.  (Tr. 10, 12)  In order to receive Disability Insurance
benefits, an applicant must establish that she was disabled before
the expiration of her insured status.  42 U.S.C. §§ 416(i), 423(c)
(1991); Dipple v. Astrue, 601 F.3d 833, 834 (8th Cir. 2010); Pyland
v. Apfel, 149 F.3d 873, 876 (8th Cir. 1998); Battles v. Sullivan,
902 F.2d 657, 659 (8th Cir. 1990).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. § 404.1520(a)(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. § 404.1520(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id. § 404.1520(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id. § 404.1520(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id. § 404.1520(a)(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id. § 404.1520(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found Plaintiff was last insured for the purposes if Title II March 31, 2011. (Tr. 12) He found she had not engaged in substantial gainful activity since her alleged onset date.[5] Id.

---

[5]He found she had worked since her alleged onset date, but the work did not rise to the level of substantial gainful activity. (Tr. 12)

He found that Plaintiff had "severe" impairments, lumbar degenerative disc disease and peripheral vascular disease. Id. He found she did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 14) He judged that Plaintiff's allegations regarding the intensity, persistence and limiting effects of her symptoms were not credible to the extent that they were inconsistent with the residual functional capacity which he found.[6] (Tr. 16)

The ALJ found that Plaintiff retained the residual functional capacity for a full range of light work. (Tr. 14) He found that, through her date last insured, Plaintiff retained the residual functional capacity to perform her past relevant work as a secretary or office helper, bank teller, teacher's aide and sales clerk. (Tr. 18) Thus, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff contends the ALJ erred in finding she could perform a full range of light work. (Plaintiff's brief 12-15) She criticizes the ALJ for giving "significant weight" to the opinion of the state agency physician. (Plaintiff's brief 14) The ALJ did not rely solely on the opinion of the Disability Determination Services physician; he considered all the evidence in the record. (Tr. 11-18) Included in that evidence was the fact that her

---

[6]While there is nothing inherently objectionable about such a finding, it makes judicial review of the next step in the sequential analysis (ability to perform past relevant work) difficult. Review is difficult because the findings do not make clear which limitations the ALJ believed to be exaggerated. Young v. Astrue, 702 F.3d 489, 493 (8th Cir. 2013)(Melloy, J., dissenting).

doctors urged her to exercise.  (Tr. 16, 17, 275, 287, 366)

To the extent that Plaintiff's brief suggests that the burden of proving her residual functional capacity rested on the ALJ, it is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's residual functional capacity.  Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).  Substantial evidence in the record as a whole supports the ALJ's residual functional capacity determination.

Next, Plaintiff contends the ALJ's credibility determination is not supported by substantial evidence.  (Plaintiff's brief 15-18)  The ALJ considered Plaintiff's subjective complaints in light of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).[7]  (Tr. 15-16)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1.  the claimant's daily activities;
>
> 2.  the duration, frequency and intensity of the pain;

---

[7]The ALJ also cited Social Security Ruling 96-7p and 20 C.F.R. § 404.1529.  (Tr. 15)  That Ruling tracks Polaski and 20 C.F.R. § 404.1529(c)(3) and elaborates on them.

3.   precipitating and aggravating factors;

4.   dosage, effectiveness and side effects of medication;

5.   functional restrictions.

The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

<u>Polaski v. Heckler</u>, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability.  No evaluations showed medical conditions that were disabling.  Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints.  <u>Casey v. Astrue</u>, 503 F.3d 687, 695 (8th Cir. 2007); <u>Richmond v. Shalala</u>, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, Plaintiff's daily activities, her poor work record, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints.  <u>See</u>, <u>e.g.</u>, <u>McCoy v. Astrue</u>, 648 F.3d 605, 614 (8th Cir. 2011) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); <u>Halverson v. Astrue</u>, 600 F.3d 922, 932 (8th Cir. 2010)(same); <u>Guilliams v. Barnhart</u>, 393 F.3d 798, 801 (8th Cir. 2005) (same); <u>Dunahoo v. Apfel</u>, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); <u>Dodson v. Chater</u>, 101

F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

The ALJ's credibility analysis was proper.  He followed the law and regulations, made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints.  E.g., Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008); Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d at 258;  Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).  His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence.  Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007); Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

Next, Plaintiff argues the ALJ did not analyze her past relevant work sufficiently to determine if she could perform it. The ALJ had the vocational expert classify her past relevant work. (Tr. 46-48)  He also asked the vocational expert if he needed any more information about any of her past relevant work in order to testify about it; Dr. Sales answered that he did not need more information.  (Tr. 46)  Plaintiff's lawyer was given the opportunity to cross-examine the vocational expert, but did not do so.  (Tr. 48-49)  This was a Step 4 determination.  Plaintiff had the burden of proving she could not perform any of her past relevant work.  E.g., Samons v. Astrue, 497 F.3d 813, 821 (8th Cir. 2007).  She did not meet that burden.

Finally, Plaintiff urges that the ALJ should have found her

mental impairment to be "severe" at Step 2. (Plaintiff's brief 20-22)  Plaintiff places undue emphasis on the distinction between impairments that are "severe" and those that are not.  Once a claimant gets past the Step 2 threshold of having a "severe" impairment, the ALJ considers all impairments, including those that are less than "severe," in determining the claimant's residual functional capacity.  20 C.F.R. § 404.1545(e) (2010); Social Security Ruling 96-8p, at 5.

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Van Vickle v. Astrue, 539 F.3d 825, 828 (8th Cir. 2008); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with

prejudice.

IT IS SO ORDERED.

DATED this 6th day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE